UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Case No. CR 93-00208-RMT |
| Plaintiff, ) | ORDER DENYING DEFENDANT'S MOTION FOR REDUCTION OF SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(2) |
| vs. ) | |
| DARRIN AFEMATA, ) | |
| Defendant. ) | |

This matter has come before the court on a motion by Defendant Darrin Afemata ("Defendant") to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2). Having considered the pleadings and the record in this matter, the court finds as follows:

***Background***

On June 30, 1993, a jury found Defendant guilty of possessing with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1).

In its Presentence Report ("PSR"), the United States Probation Office ("USPO") calculated Defendant's base offense level as 34 under section 2D1.1 of the Guidelines. PSR ¶ 17. The USPO determined Defendant's criminal history category at III, resulting in a guideline range of 188-235 months. Id. ¶¶ 39, 59. The USPO further noted that because the statutory mandatory minimum sentence of 240 months is greater than the otherwise applicable range of 188-235 months, the mandatory minimum sentence controls pursuant

to U.S.S.G. § 5G1.1(b).  Id. ¶ 59.

On November 22, 1993, Defendant was sentenced to the statutory minimum sentence of 240 months imprisonment and ten years of supervised release.

***Legal Analysis***

Defendant contends that his sentence should be reduced pursuant to 18 U.S.C. § 3582(c)(2) because of two developments in the law subsequent to his sentence: (1) Amendment 706, which generally reduces the base offense levels applicable to crack cocaine offenses by two levels, and (2) Apprendi v. New Jersey, 530 U.S. 466 (2000), which held that any fact that increases a maximum sentence must be alleged in the indictment and proven to a jury beyond a reasonable doubt.

Under section 3582(c)(2), the court has discretion to reduce the term of imprisonment when the defendant was sentenced based on a sentencing range that was subsequently lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o). See, e.g., United States v. Hicks, 472 F.3d 1167, 1170 (9th Cir. 2007); United States v. Wales, 977 F.2d 1323, 1327-28 (9th Cir. 1992).

However, the Ninth Circuit has held that section 3582(c)(2) relief is not available when the original sentence is not based on a sentencing range that has been subsequently lowered but upon a statutory minimum.  United States v. Mullanix, 99 F.3d 323, 324 (9th Cir. 1996).

Although Defendant was convicted of a crack cocaine offense, Defendant was sentenced to the statutory minimum of 240 months.  Because Defendant's sentence was not predicated on a Guideline range that has been subsequently lowered, but on a statutory minimum, Defendant's motion for reduction of sentence should be denied.[1]

//

//

---

[1] As to Defendant's contention that his sentence was imposed in violation of Apprendi, this contention is not properly before the court. See 18 U.S.C. § 3582(c)(2). Defendant's conviction and appeal became final before Apprendi.

2

Accordingly,

IT IS ORDERED that Defendant's motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) is hereby DENIED.

Dated: September 18, 2008

_____
ROBERT M. TAKASUGI
United States District Sr. Judge